**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jesus Vallejo HERNANDEZ, a.k.a. Chico, Defendant-Appellant.**

No. 16-50088

United States Court of Appeals, Ninth Circuit.

Submitted October 23, 2017 *

Filed October 27, 2017

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

L. Ashley Aull, Assistant U.S. Attorney, Chelsea Norell, Attorney, DOJ—Office of the U.S. Attorney, Los Angeles, CA, Stephen Todd Merrill, Special Assistant U.S. Attorney, Sean Peterson, Assistant U.S. Attorney, Office of the U.S. Attorney, Riverside, CA, for Plaintiff-Appellee

Lawrence Jay Litman, Attorney, Litman Law, Los Angeles, CA, for Defendant-Appellant

Before: LEAVY, WATFORD, and FRIEDLAND, Circuit Judges.

MEMORANDUM **

Jesus Vallejo Hernandez appeals from the district court's judgment and challenges the 120-month sentence imposed following his guilty-plea conviction for possession with intent to distribute methamphetamine and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii) and 18 U.S.C. § 2(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Hernandez contends that the district court misapplied the minor role Guideline, U.S.S.G. § 3B1.2, by failing to compare him to all of his co-participants in the criminal scheme. We review the district court's interpretation of the Guidelines de novo, and its application of the Guidelines to the facts for abuse of discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc).

The record reflects that the court considered Hernandez's argument that he was

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

less culpable than his three co-defendants, the unidentified seller, and the buyer. The court nevertheless determined that Hernandez had failed to show that he was "substantially less culpable than the average participant." U.S.S.G. § 3B1.2 cmt. n.3(A), (C). This was the proper legal analysis. Moreover, in light of the totality of the circumstances, including Hernandez's central role in orchestrating the sale of a large quantity of methamphetamine, the district court did not abuse its discretion in concluding that Hernandez was not a minor participant. *See* U.S.S.G. § 3B1.2 cmt. n.3(C).

**AFFIRMED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.